# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

ANTOINE COLLIER,                )
                                )
    Petitioner              )
                                )
    v.                      )    No. 3:97cv0387 AS
                                )
DANIEL R. McBRIDE,              )
                                )
    Respondent              )

## *MEMORANDUM AND ORDER*

On or about June 6, 1997, this petitioner, Antoine Collier, appearing *pro se*, filed the within petition seeking relief under 28 U.S.C. § 2254. The response filed by the Attorney General of Indiana on or about January 12, 1998, represents the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). There has also been an in camera filing in compliance with *Wells v. Israel*, 854 F.2d 995 (7th Cir. 1988), which this court has personally opened, examined and resealed.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the time relevant to this case, he was incarcerated at the Westville Correctional Facility in Westville, Indiana. This court takes note of the undisputed facts in the memorandum filed by the Attorney General of Indiana on January 12, 1998, pages one to three, and presumes the same correct under 28 U.S.C. § 2254(e)(1). The basic constitutional standards with reference to due process which is applicable here is located in *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985), and the

19

relevant evidentiary standards are in *Wolff v. McDonnell*, 418 U.S. 539 (1974). *See also Meeks v. McBride,* 81 F.3d 717 (7th Cir. 1996*),* and *Hester v. Mc Bride*, 966 F.Supp. 765 (N.D.Ind. 1997). Under *Wells* and also under *Mendoza v. Miller*, 779 F.2d 1287 (7th Cir. 1985), *cert. denied*, 476 U.S. 1142 (1986), the standards are judicially outlined with regard to confidential informants and the in camera review bears out the credibility of the confidential informant and justifies the Conduct Adjustment Board reliance thereon. The sanction imposed on this petitioner was for disciplinary segregation for seven months, a demotion in earned credit class from I to II, and the deprivation of earned credit time for 300 days. The disciplinary segregation, however, was suspended pending a clean conduct for three months, which apparently has now passed. By virtue of the disciplinary segregation being suspended, this court does not have to climb the hill that was created in *Wagner v. Hanks,* No. 95-3108 (7th Cir. November 10, 1997). In the absence of disciplinary segregation, there would appear to be a serious question as to whether there is a liberty interest under *Sandin v. Conner*, __ U.S. __, 115 S.Ct. 2293 (1995), but even under *Hewitt v. Helms*, 459 U.S. 460 (1983), the record passes muster. This court does not conceive that the final paragraph in *Wagner* presents a problem here.

There is no basis here presented for relief under 28 U.S.C. § 2254. Such relief is now **DENIED. IT IS SO ORDERED**.

DATED: February 11, 1998

s/Allen Sharp
**ALLEN SHARP, JUDGE**
**UNITED STATES DISTRICT COURT**

2